UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ERIK WONG,

    Plaintiff,

vs.

PERIMETER INTERNATIONAL, INC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, ERIK WONG ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, PERIMETER INTERNATIONAL, INC ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to The Family Medical Leave Act (FMLA), to redress injuries resulting from Defendant's unlawful treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is a Florida Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff started working for Defendant, on May 1, 2020, as a night shift operation manager.

6. On or about June 6, 2022, Plaintiff's father suffered a stroke.

7. On or around June 15th, 2022, Mr. Wong reported his father's medical problem to the company's Vice President, Christina Solana, and the company's Human Resources Department.

8. Subsequently, Mr. Wong requested medical leave as the only guardian of his father, Mr. Enrique Wong.

9. Mr. Eastman from the Human Resources Department informed Mr. Wong that they would contact him to inform him of the options applicable to his case, such as FMLA.

10. After that, Mr. Wong kept communicating with them, keeping them posted on all the updates related to his father's health.

11. However, they never reached back out to Mr. Wong in order to open Mr. Wong's medical leave case.

12. After that, on or around June 22, 2022, Mr. Wong began to receive text messages, pressuring him to return to work.

13. In all those instances that Mr. Wong was contacted, he asserted unequivocally that he was taking care of his father and that he would need more days to leave everything arranged in relation to the care and well-being of his father.

14. . The messages from the company did not stop and Mr. Wong continued to be questioned about the date of his return, the ways in which this week would be handled by the company, the hours he would have to work in order to meet the expectations of his position, and finally that his absence would have repercussions on the terms of his employment.

15. In total Mr. Wong was out of work for a week.

16. Finally, on or around, June 28, 2022, Mr. Wong was constructively discharged because of the employer's actions in response to exercising his FMLA rights.

17. Defendant employed more than 50 employees during the dates Plaintiff was employed by Defendant

## COUNT I
### *Retaliation Under the FMLA*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

47. Plaintiff is an individual entitled to protection under the FMLA.

48. Plaintiff is an employee of Defendant within the meaning of the FMLA.

49. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of the FMLA.

50. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

51. Defendant's actions constitute a violation of the FMLA.

52. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for

      mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____2/14/23_____

Respectfully submitted,

*s/ Elvis J. Adan* _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000