United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Erik Wong, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-20826-Civ-Scola |
| | ) | |
| Perimeter International, Inc, | ) | |
| Defendant. | ) | |

### Order Granting Default Judgment

This matter comes before the Court on the Plaintiff's Motion for Default Final Judgment as to the Defendant, Perimeter International, Inc. (Mot., ECF No. 18.) The Court has reviewed the Motion, the record, and the relevant legal authorities, and is otherwise fully advised. Pursuant to Federal Rule of Civil Procedure 55, the Court **grants** the Motion and enters default judgment for Plaintiff. (**ECF No. 18**.)

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:
1. This is an action pursuant to the Family and Medical Leave Act ("FMLA").
2. The Defendant was properly and timely served with the Plaintiff's complaint on March 21, 2023, but it failed to file any response or otherwise appear in this case.
3. Accordingly, the clerk, on the Plaintiff's motion, entered default against the Defendant thus establishing its admission as to liability for the Plaintiff's claims under the FMLA. *Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005).
4. Having established the liability of the Defendant, the Plaintiff has now moved for entry of default final judgment pursuant to Rule 4(m) and Rule 55 of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Local Rules for the Southern District of Florida.
5. In support of said motion, the Plaintiff has submitted an affidavit of his damages in the form of lost wages incurred as a result of the Defendant's violation of the FMLA. The Plaintiff's sworn testimony states that he is entitled to lost wages in the amount of $76,835.60 since his unlawful discharge by the Defendant.
6. The Plaintiff also requests an additional amount equal to his lost wages as liquidated damages which are provided under the FMLA. *See* 29 U.S.C. § 2617(a)(1)(A)(i)(I), (II); 29 C.F.R. § 825.400(c). Under certain circumstances, employers that have violated the FMLA can avoid liquidated damages by demonstrating that they have acted in good faith

      or that they had reasonable grounds for believing their actions were not in violation of the statute. *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 302 (4th Cir. 2009) (quoting 29 U.S.C. § 2617(a)(1)(A)(iii)).

7. Here, however, by virtue of its failure to respond to the Plaintiff's complaint, the Defendant has likewise failed to demonstrate any entitlement to such defense. As such, the Court finds that liquidated damages can be awarded in this case.

8. Finally, because the Plaintiff's damages are capable of simple, arithmetic calculation based on facts admitted by the Defendant or are otherwise established by the record, the Court determines that a further evidentiary hearing is not necessary and judgment for damages can be entered against the Defendant on the present record. *SEC v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005).

9. For these reasons, the Plaintiff's Motion for Default Final Judgment is **granted**. (**ECF No. 18**.)

10. Final judgment will be separately entered in favor of the Plaintiff against the Defendant, Perimeter International, Inc.

**Done and ordered** in Miami, Florida, on June 8, 2023.

                                                                Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to:*

Perimeter International, Inc.
c/o Business Filings Incorporated
1200 South Pine Island Rd.
Plantation, FL 33324